UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| TYLER MAKES HIM FIRST,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:24-CV-05054-RAL<br><br>ORDER DIRECTING GOVERNMENT AND FORMER DEFENSE COUNSEL TO RESPOND TO CLAIMS |

Petitioner Tyler Makes Him First filed a pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. 1.

I.   **Facts and Procedural Background**

Makes Him First's § 2255 motion arises out of his criminal conviction in United States v Makes Him First, 5:18-CR-50053-JLV (D.S.D), which involved a motor vehicle accident that occurred on November 14, 2017. Doc. 3 at 1. According to the factual basis statement of his plea agreement, Makes Him First was traveling northbound on BIA 27 while intoxicated. CR Doc. 29 at 1.[1] Makes Him First crossed the center line of the highway and into the southbound lane. Id. He then struck another vehicle traveling southbound, killing the other vehicle's three occupants, Waylon Red Elk, Sr., Jaylene Pretends Eagle, and their son Waylon Red Elk, Jr. Id. at 2. Pretends Eagle was seven and a half months pregnant. Id. at 1. After arriving to the scene of the accident, law enforcement detected a strong odor of alcohol while speaking to Makes Him First and noticed

---

[1] This Court cites to documents from Make Him First's underlying criminal case as "CR" followed by the CM/ECF docket number.

he had blood shot eyes and slurred speech. Id. at 2. Officers also noticed beer cans near Makes Him First's vehicle. A blood draw showed that Makes Him First had a blood alcohol content of .284%. Id. Makes Him First pleaded guilty to three counts of involuntary manslaughter and was sentenced to sixty-four (64) months imprisonment for each count, to run consecutively. Doc. 3 at 1; CR Docs. 36, 55.

Makes Him First's § 2255 motion alleges that he received ineffective assistance from his counsel, Assistant Federal Public Defender Jennifer Albertson, during the plea-bargaining process. Doc. 3 at 6. Specifically, Makes Him First alleges that Albertson told him that he was the only individual involved in the accident who was intoxicated and that he was the sole cause of the accident. Id. at 3. He further alleges that Albertson advised him to plead guilty despite the existence of exculpatory evidence that Albertson did not uncover, including a toxicology report showing Red Elk, Sr., was intoxicated at the time of the accident, because she failed to investigate the case. Id. at 3–4. Makes Him First states that had he known about the exculpatory evidence, he would have insisted on going to trial. Id. at 9.

Makes Him First's § 2255 motion is dated June 26, 2024, and was docketed on July 15, 2024. Id. at 13. Because Makes Him First's underlying judgment became final on June 19, 2019, this Court on screening was concerned that the petition was time barred under 28 U.S.C. § 2255(f). Doc. 4. This Court entered an Order for Service and to Show Cause, Doc. 4, directing briefing showing cause why Makes Him First's § 2255 motion should not be dismissed as untimely. Doc. 4. In his response to this Court's order to show cause, Makes Him First argues that his § 2255 motion is timely because he filed the motion within one year of discovering new evidence. Doc. 6. The Government responded by arguing that the motion is untimely. Doc. 5.

## II. Discussion

Motions under § 2255 are subject to a one-year statute of limitation that runs from the latest of four specified dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental inaction in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Two dates matter here—the date on which the judgment of conviction became final and the date on which Makes Him First could have discovered through the exercise of due diligence the facts supporting the claim presented.

A judgment of conviction is deemed final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed." United States v. Johnson, 457 U.S. 537, 543 n.8 (1982) (citation omitted); see also Clay v. United States, 537 U.S. 522, 527 (2003) (stating that "[f]inality attaches when the [Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). The time for filing a petition for writ of certiorari expires ninety (90) days after entry of the Court of Appeals' judgment. Clay, 537 U.S. at 525.

3

Makes Him First appealed his judgment of conviction to the United States Court of Appeals for Eighth Circuit.[2] CR Doc. 58. On March 11, 2019, the Eighth Circuit granted Makes Him First's motion to dismiss the appeal and entered a judgment dismissing the appeal. CR Doc. 61. Makes Him First did not file a petition for writ of certiorari following the dismissal of his appeal. Thus, his judgment became final on June 10, 2019, when his time for filing a petition for writ of certiorari to the United States Supreme Court expired. Makes Him First's one-year statute of limitation for filing a § 2255 motion began running on June 11, 2019, and expired on June 10, 2020, more than four years before Makes Him First filed this motion. Makes Him First concedes that his conviction became final more than one year before he filed his § 2255 motion, but he contends that his motion is timely because it was filed within one year of "discovering new, exculpatory evidence." Doc. 6 at 1.

To be entitled to invoke the statute of limitation set forth in 28 U.S.C. § 2255(f)(4), a petitioner must show (1) the existence of a new fact supporting the motion's claims; and (2) that he acted with diligence to discover the new fact. Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008). For a habeas petition claiming ineffective assistance of counsel, "a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance *and* resulting prejudice." Hasan v. Galaza, 254 F.3d 1150, 1154 (9th Cir. 2001).[3]

---

[2] In his § 2255 motion, Makes Him First states that he did not appeal from the judgment of conviction. Doc. 1 at 2. But a review of the docket entries in the underlying criminal case reveals that this is not correct. CR Doc. 58.

[3] The court in Hasan v. Galaza was reviewing the dismissal of a petition filed by a state prisoner under 28 U.S.C. § 2254. The period of limitations for a § 2254 is set by 28 U.S.C. § 2244(d)(1). Section 2244(d)(1)(D) provides that the limitation period shall run from the latest of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Courts have recognized the "strikingly similar" language used in both 2244(d)(1)(D) and § 2255(f)(4), Brackett v. United States, 270 F.3d 60, 66 (1st Cir. 2001),

Makes Him First has alleged the existence of new facts supporting his claim for ineffective assistance of counsel. In his § 2255 motion, Makes Him First alleges that during his incarceration he learned that toxicology reports demonstrate that Red Elk, Sr., had alcohol and drugs in his system at the time of the accident; Red Elk, Jr., was not in a child restraint or seat belt and was instead sitting in Pretends Eagle's lap at the time of the accident;[4] many of the beer cans found at the scene were not his; and that "there were questions about how the accident occured [sic] and whether it really happened the way the highway patrolman stated." Doc. 3 at 4. Finally, Makes Him First alleges that it has "become clear that [he] was not the only one intoxicated nor was [he] the sole cause of the accident as" Albertson led him to believe. Id.

In response to this Court's order to show cause, Makes Him First provided two exhibits: (1) a letter written by Santa Hudspeth Belt, a legal secretary for the Oglala Sioux Tribe Office of Attorney General ("OST AGO"); and (2) a declaration by Makes Him First's mother, Sharon Two Bulls. Docs. 6-1; 6-2. Belt's letter recounted a visit to the OST AGO by Two Bulls and Cecilia Makes Him First on November 17, 2023. Doc. 6-1. The letter states that Cecilia and Two Bulls visited the office seeking a copy of the police report from the November 2017 accident. Id. Belt told Cecilia and Two Bulls that the OST AGO could not release any documents to them and that the report had been provided to the Federal Public Defender. Id. Two Bulls's declaration recounts the same visit to the OST AGO in November 2023. Doc. 6-2. However, Two Bulls also stated

---

and have declined to treat their requirements differently. See McAleese v. Brennan, 483 F.3d 206, 216 n.13 (3d Cir. 2007); Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1155 n.12 (11th Cir. 2014) (describing § 2255(f)(4) as the "analogous provision" to § 2244(d)(1)(D) for federal prisoners); Hannigan v. United States, 131 F. Supp. 3d 480, 492 n.7 (E.D.N.C. 2015) (collecting cases).

[4] How the child was seated within the vehicle may be a "new fact" to Makes Him First, but is not of a nature to support an ineffective assistance of counsel claim here. The other contentions at least arguably and conceivably could support such a claim and this Court expresses no view on whether such "new facts" could support an ineffective assistance of counsel claim.

5

that during the visit, she was told that a toxicology report showed that the driver of the other vehicle had alcohol and drugs in his system, that the child victim was not in a restraint and was sitting in the lap of the passenger in the front seat, that there were many beer cans found at the scene, and that there were questions about how the accident occurred. Id. Two Bulls does not identify who told her this information. Two Bulls further wrote that she shared this information with Makes Him First in early 2024. Id.

The record does not reflect whether the alleged newly discovered information was available to Albertson prior to Makes Him First's decision to plead guilty. If the information was made available to Albertson prior to his decision to plead guilty and Albertson either withheld the information from Makes Him First when advising him on whether to plead guilty or failed to further investigate the information, the newly discovered facts, if true, may support claims of unreasonable performance and resulting prejudice. See Witherspoon v. Purkett, 210 F.3d 901, 903 (8th Cir. 2000) ("In cases involving claims of failure to investigate, a defendant can establish prejudice by showing that the discovery of evidence would have caused counsel to change his recommendation as to the plea offer.").

If this information was not available to Albertson or Makes Him First, Makes Him First may have a claim for a Brady violation. In Brady v. Maryland, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to either guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). The newly discovered information could be exculpatory evidence. The Government would have been obligated to disclose such information to Makes Him First. At this time, this Court is unable to definitively make a determination on whether Makes Him First has alleged new facts to support his claim for

6

ineffective assistance of counsel or a potential <u>Brady</u> claim based on what has been provided by the parties.

However, it is not enough for Makes Him First to simply allege the discovery of new facts. He must also show that he acted with diligence to discover the new facts. <u>Anjulo-Lopez</u>, 541 F.3d at 817. The Eighth Circuit has instructed that a district court should consider "when a duly diligent person in petitioner's circumstance would have discovered" the operative facts. <u>Id.</u> (internal quotation and citation omitted). Thus, this Court must first "identify a particular time" that "clearly shows that diligence [was] in order." <u>United States v. Nunez-Garcia</u>, 21 F.4th 861, 865 (4th Cir. 2022). The relevant date then under § 2255(f)(4) is when a petitioner "could have learned [the existence of a new fact] through due diligence," not when the petitioner actually did learn the fact. <u>Jones v. United States</u>, No. C22-3025, 2024 WL 2717407, at *5 (N.D. Iowa Jan. 29, 2024). "[D]iligence can be shown by prompt action on the part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction." <u>Johnson v. United States</u>, 544 U.S. 295, 308 (2005). Moreover, "[t]he 'due diligence' requirement should be considered in light of the totality of the circumstances present including the defendant's confinement in prison and any special restrictions that incarceration may impose." <u>United States v. Loudner</u>, 203 F. Supp. 2d 1083, 1094 (D.S.D. 2002).

Based on Two Bulls's letter, Makes Him First learned about the new information from Two Bulls in early 2024, over seven years after the accident and nearly six years after his conviction became final. Doc. 6-2. Makes Him First's petition was then docketed on July 15, 2024. However, as noted above, the relevant date under § 2255(f)(4) is not when Makes Him First actually learned the new facts, but rather when Makes Him First "could have learned [the existence

of a new fact] through due diligence." Jones, 2024 WL 2717407 at *5. Thus, if Makes Him First could have discovered the new facts sooner through due diligence, his motion is untimely.

Makes Him First appears to blame his incarceration, arguing that he has had "limited access both to legal resources but also to the outside world." Doc. 1 at 12. Makes Him First also suggests that the impediment preventing him from discovering these facts earlier was the trust he placed in Albertson. He alleges that Albertson told him that he was the only individual involved in the accident who was intoxicated and led him to believe that he was solely responsible for the accident. Further, because Makes Him First's petition suggests that the newly discovered information was not provided by the Government to Albertson, another reason for delay may have been the Government's failure to disclose such information. If so, "§ 2255(f)(4)'s due-diligence standard [does] not require [Makes Him First] continuously to seek out evidence that the government had a constitutional duty to disclose." Jefferson v. United States, 730 F.3d 537, 546 (6th Cir. 2013); see also Bracey v. Superintendent Rockview SCI, 986 F.3d 274, 291 (3d Cir. 2021) ("A petitioner's failure to search for Brady material of which he is unaware and which he is entitled to presume is non-existent does not fall short of the diligence required by § 2244(d)(1)(D).").

Based solely on Makes Him First's and the Government's responses to this Court's order to show cause, this Court is unable to definitively determine whether Makes Him First's petition is timely. That determination depends in large part on whether Make Him First's allegations are true; whether the newly discovered evidence was made available to Albertson, and if so, whether Albertson shared the evidence with Makes Him First; and if the Government had exculpatory information it did not disclose. Whether Makes Him First can demonstrate that circumstances exist for equitable tolling will depend on the answers to these questions. Accordingly, the Government is ordered to answer or otherwise respond to the petition.

However, in consideration of the allegations set forth in Makes Him First's § 2255 motion and response to the order to show cause, this Court has determined that the Government cannot respond to the allegations of ineffective assistance of counsel without Albertson providing by affidavit information addressing the specific allegations in the motion concerning her representation of Makes Him First. The Eighth Circuit has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's conduct and raises the issue of ineffectiveness or incompetence of counsel. See Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974). American Bar Association Model Rule of Professional Conduct 1.6 also recognizes that a disclosure of information may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client. The ABA has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client; and 2) may only disclose such information in "court-supervised proceedings." ABA Comm. on Ethics & Prof. Responsibility, Formal Op. 10-456 (2010). Accordingly, this Court will order the Clerk of Court to send this Order and the attached Attorney-Client Privilege Waiver form to Makes Him First  This Court has further determined that if Makes Him First opposes the waiver of the attorney-client privilege as it relates to the specific allegations in his § 2255 motion, those allegations will be stricken from his § 2255 motion.

### III. Conclusion

Accordingly, it is hereby

ORDERED that the Clerk of Court send this Order and the attached Attorney-Client Privilege Waiver form to Makes Him First. It is further

ORDERED that if the Attorney-Client Privilege Waiver form is not signed and returned to this Court within 30 days, the allegations of ineffective assistance of counsel will be stricken from Makes Him First's § 2255 motion. It is further

ORDERED that the Government shall have an extension to answer Makes Him First's motion under 28 U.S.C. § 2255 until thirty (30) days after attorney Albertson furnishes an affidavit. It is finally

ORDERED that Makes Him First will have thirty (30) days to reply after the Government's answer.

DATED this 29th day of April, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE